An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

RAFAEL AMAYA, INDIVIDUALLY;
MIRIAN E. RUANO-PALENCIA,
INDIVIDUALLY, AND AS GUARDIAN
AD LITEM FOR BEVERLY AMAYA, A
MINOR; MARIAN E. RUANO-
PALENCIA, AS GUARDIAN AD LITEM
FOR ABIGAIL AMAYA, A MINOR; AND
MARIAN E. RUANO-PALENCIA, AS
GUARDIAN AD LITEM FOR YOSELIN
AMAYA, A MINOR,
Appellants,
vs.
JOSE C. RUTIAGA-LOPEZ,
INDIVIDUALLY,
Respondent.

No. 63010

**FILED**

APR 1 1 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from a district court order dismissing a tort action for failure to timely serve process. Eighth Judicial District Court, Clark County; Gloria Sturman, Judge.

Under NRCP 4(i), a district court is required to dismiss a plaintiff's complaint if the plaintiff fails to serve a defendant with process within 120 days of filing the complaint and fails to move for an enlargement of the time for service. *See* NRCP 4(i) ("[T]he action shall be dismissed . . . unless the party on whose behalf such service was required files a motion to enlarge the time for service . . . ."); *Saavedra-Sandoval v. Wal-Mart Stores, Inc.*, 126 Nev. ___, ___, 245 P.3d 1198, 1200-01 (2010) (recognizing that NRCP 4(i) differs from its federal counterpart in that NRCP 4(i) not only requires a plaintiff to show good cause for failing to timely serve process, but also requires a plaintiff to file a motion to enlarge the time for service). Here, as appellants neither completed

14 - 11731

service of process on respondent within 120 days[1] nor filed a motion to enlarge the time for service, the district court properly dismissed appellants' complaint. NRCP 4(i); *Saavedra-Sandoval*, 126 Nev. at ___, 245 P.3d at 1200 (explaining that this court reviews a district court order granting a motion to dismiss for failure to timely serve process for an abuse of discretion). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____ Pickering _____, J.
Pickering

_____ Parraguirre

_____, J.
Saitta

cc: Hon. Gloria Sturman, District Judge
Carolyn Worrell, Settlement Judge
Ralph A. Schwartz, P.C.
Hutchison & Steffen, LLC
Eighth District Court Clerk

---

[1]Appellants' suggestion that they substantially complied with NRS 14.070(2)'s substitute-service provision lacks merit. Under NRS 14.070(2), service is deemed sufficient if, in addition to providing a copy of the process with the required fee to the Director of the Department of Motor Vehicles, the plaintiff (1) sends notice of service and a copy of the process to the defendant's address by registered or certified mail, return receipt requested; and (2) files in the district court the original process, a return receipt of the mailing, and an affidavit stating that the plaintiff has complied with these steps. When NRCP 4(i)'s 120-day time frame elapsed on August 31, 2012, the record demonstrates that neither of these requirements had been attempted. Consequently, appellants cannot reasonably contend that they substantially complied with NRS 14.070(2).